UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY LEE McALISTER,

        Petitioner,

                                  CASE NO. 04-70850

v.

                                  HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

**MEMORANDUM AND ORDER GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSAL
AND
DENYING PETITIONER'S MOTIONS FOR IMMEDIATE RELEASE
AND TO STRIKE RESPONDENT'S MOTION**

**I. Introduction**

This is a pro se habeas case under 28 U.S.C. § 2254. Before the Court is Respondent's motion for summary judgment and dismissal of the habeas petition on the ground that Petitioner did not comply with the statute of limitations. Also before the Court are Petitioner's motions for immediate release and to strike Respondent's motion. The Court agrees with Respondent that Petitioner did not comply with the statute of limitations. Accordingly, Respondent's motion is GRANTED and Petitioner's motions are DENIED. This case is DISMISSED. The reasons follow.

**II. Background**

Petitioner was charged in Wayne County, Michigan with first-degree murder. On August 13, 1979, he pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and on August 21, 1979, the trial court sentenced him to life imprisonment with

the understanding that he would be eligible for parole in ten years. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. On March 21, 1983, the Michigan Supreme Court denied leave to appeal.

On or about December 11, 1995, Petitioner challenged his sentence in a motion for relief from judgment.[1] The trial court granted the motion on August 2, 1996, and on October 7, 1996, the trial court re-sentenced Petitioner to imprisonment for fifteen to thirty years with credit for 6,397 days. The Michigan Department of Corrections subsequently recalculated Petitioner's maximum sentence in light of earned good time credits and discharged Petitioner on October 29, 1996.

At approximately the same time, the prosecutor appealed the trial court's decision to re-sentence Petitioner. On November 4, 1997, the Michigan Court of Appeals vacated the trial court's decision to re-sentence Petitioner and reinstated Petitioner's original sentence of life imprisonment. Petitioner appealed the Court of Appeals' decision through counsel, but on July 28, 1998, the Michigan Supreme Court denied leave to appeal. See People v. McAlister, 586 N.W.2d 404 (1998) (table).

On October 1, 1998, the trial court signed an amended judgment of sentence reinstating Petitioner's original sentence of life imprisonment. The amended judgment of sentence was mailed to the Michigan Department of Corrections, which learned for the first time that the prosecutor had appealed the trial court's 1996 decision to re-sentence Petitioner to a term of fifteen to thirty years. On November 6, 1998, the Department of Corrections notified the trial court, the prosecutor, and Petitioner's

---

[1] Respondent claims that the motion was filed on August 2, 1996, but the state appellate court pleadings indicate that the motion was filed in December 1995.

attorney that Petitioner had not been in custody for more than two years. Because Petitioner did not surrender to the authorities, the prosecutor moved to execute the appellate court order reinstating Petitioner's life sentence. A capias[2] was issued on October 1, 1999, and on March 25, 2002, Petitioner was arraigned on the capias.

Petitioner signed and dated his habeas petition on February 12, 2004.[3] The Clerk of the Court initially rejected the habeas petition for failure to comply with certain procedural requirements. Petitioner cured the deficiencies and successfully refiled his petition on June 17, 2005. The grounds for relief read:

> I. Denied due process of the V, VI, XIV Amendments to the United States were twice punished under the same offense after conviction, sentence and discharge.
>
> II. Denied due process of the V, VI, XIV regarding reinstatement - invalid sentence w[h]ere the lack of subject-matter jurisdiction is warranted.
>
> III. Denied due process of the V, VI, XIV Amendments to the United States w[h]ere counsel was deem[ed] ineffective to the "question of moot" w[h]ere "custody was no longer the issue."
>
> IV. Denied due process of the V, VI, XIV Amendments to the United States [Constitution] regarding prosecutorial misconduct under the doctrine of res judicata.

---

[2] Black's Law Dictionary defines "capias" as "[a]ny of various types of writs that require an officer to take a named defendant into custody." BLACK'S LAW DICTIONARY (8th ed., 2004).

[3] The Court deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" when he delivered it to prison officials for forwarding to the court clerk).

3

### III.  Discussion

Respondent urges the Court to dismiss the habeas petition on the ground that Petitioner failed to comply with the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was enacted on April 24, 1996, established a one-year period of limitations for habeas petitions filed by state prisoners.  See 28 U.S.C. § 2244(d).

Because Petitioner's conviction became final in 1983, long before the AEDPA was enacted, he had one year, or until April 24, 1997, to file his habeas petition.  Cook v. Stegall, 295 F.3d 517, 519 (6th Cir. 2002).  Petitioner's motion for relief from judgment was pending in state court at the time.  The one-year limitations period was tolled until Petitioner's motion "achieved final resolution through the State's post-conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002); see also 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  The state court proceedings came to an end when the Michigan Supreme Court denied leave to appeal on July 28, 1998.  The limitations period was tolled an additional ninety days, or until October 26, 1998, for the time during which Petitioner could have sought a writ of certiorari in the United States Supreme Court.  Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc).  The statute of limitations period then began to run. See Linscott v. Rose, ___ F.3d ___, ___, No. 04-3474, 2006 WL 13103, at *4 (6th Cir. Jan. 3, 2006) (holding that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing

judgment became final, rather than the date that the original conviction became final"). The limitations period expired one year later, on October 26, 1999. Petitioner filed his habeas petition more than four years later.

## A. Equitable Tolling

Because the habeas petition was filed more than one year after the limitations period began to run, it is untimely unless equitable tolling applies. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S. Ct. 1807, 1814 n.8 (2005), but the Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." Dunlap v. United States, 250 F.3d 1001, 1003 (6th Cir. 2001). A litigant who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 125 S. Ct. at 1814. Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in Andrews v. Orr, [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." Dunlap, 250 F.3d at 1009.

> In applying this test, [courts] look to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.

Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002) (internal citations omitted).

Absence of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984), and Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement. He also has not shown that ignorance of the filing requirement was reasonable, and he has not alleged any facts demonstrating that he was diligent in pursuing his claims.

### B. Petitioner's Arguments in Favor of Equitable Tolling

In his motions to strike Respondent's motion, Petitioner relies on the doctrines of abstention, double jeopardy, and mootness. His motions also mention jurisdictional error, extradition, and his absolute discharge from custody. The Court construes these arguments to allege that the state appellate court had no jurisdiction to vacate the trial court's re-sentence of fifteen to thirty years because the Department of Corrections had already unconditionally discharged him.

The unconditional discharge does not excuse the untimely habeas petition, because the trial court's decision to reduce Petitioner's sentence was not final; it was reversed on appeal. Although the Department of Corrections was unaware of the prosecutor's appeal of the re-sentencing decision, Petitioner does not allege that he was unaware of the appellate proceedings. In fact, he was represented by counsel, who opposed the prosecutor's appeal and filed an application for leave to appeal in the Michigan Supreme Court on Petitioner's behalf.

The habeas petition would be untimely even if the Court equitably tolled the limitations period from the time that Petitioner was discharged from custody on October 29, 1996, until March 25, 2002, when Petitioner appeared in court and was arraigned on

the capias. The reason for this conclusion is that the limitations period ran more than one year (approximately twenty-two months) after Petitioner's arraignment on the capias.

## IV. Conclusion

The habeas petition is time barred because Petitioner filed it more than one year after the statute of limitations expired. Equitable tolling is not warranted here.

SO ORDERED.

       s/Avern Cohn  
       AVERN COHN  
       UNITED STATES DISTRICT JUDGE

Dated: February 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2006, by electronic and/or ordinary mail.

       s/Julie Owens  
       Case Manager  
       (313) 234-5160