UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY LEE McALISTER,

        Petitioner,

v.                                      CASE NO. 04-CV-70850-DT
                                       HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
AND
DENYING PETITIONER'S MOTIONS FOR REHEARING AND TO COMPEL DISCOVERY
AND
DENYING A CERTIFICATE OF APPEALABILITY**

        This is a pro se habeas corpus action under 28 U.S.C. § 2254. The Court dismissed the habeas petition on February 14, 2006 on the grounds that it was barred by the statute of limitations. Before the Court are Petitioner's notice of appeal, which includes a motion for rehearing, and Petitioner's letter request for discovery materials. The Court must treat the notice of appeal as an application for a certificate of appealability (COA), Slack v. McDaniel, 529 U.S. 473, 483 (2000), and the Court construes Petitioner's letter request as a motion to compel discovery under Federal Rule of Civil Procedure 37.

        "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Reasonable jurists would not debate the Court's procedural ruling because, as explained in the order of dismissal, the petition is clearly barred by the statute of limitations even under a generous reading of the statute. Thus, there is no basis for granting a COA or a rehearing.

Accordingly, Petitioner's motion for rehearing is DENIED. The motion to compel discovery is denied as moot. A COA is DENIED. The Court declines to grant in forma pauperis status because the appeal is frivolous and cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)).

SO ORDERED.

Dated: March 2, 2006        s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2006, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160

2